IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NANCY LARGE, *as Personal Representative of the Estate of Terry George Large*, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-618-RP |

## <u>ORDER</u>

Before the Court is the Amended Motion to Remand of Plaintiff Nancy Large, as Personal Representative of the Estate of Terry George Large, ("Plaintiff"), (Dkt. 6), along with the Parties' responsive briefing, (Dkts. 8, 9). After considering the Parties' arguments and the relevant law, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

On April 2, 2025, Terry George Large and Nancy Large filed suit against Nationwide Mutual Insurance Company ("Nationwide") and Blackmon Mooring of Austin, LLC ("Blackmon Mooring") in the 425th Judicial District of Williamson County, Texas. (Not. Removal., Dkt. 1, at 1). The lawsuit concerns a first-party insurance claim dispute involving two separate water damage claims at the Larges' home in Georgetown, Texas. (Resp., Dkt. 8, at 2). Nationwide is the Larges' insurer and Blackmon Mooring is the contractor who performed repair work following the water damage, which resulted in a disputed lien on the property. (*Id.*). At the time of filing, the case was not removable due to Terry George Large, Nancy Large, and Blackmon Mooring's status as citizens of Texas. (Not. Removal., Dkt. 1, at 1). Nationwide appeared in state court and answered on May 21, 2025, asserting

a general denial to the claims and allegations made in Terry George Large and Nancy Large's Original Petition. (*Id.*). On October 22, 2025, Plaintiff filed her First Amended Original Petition, amending the case caption to reflect "Nancy Large, as Personal Representative of the Estate of Terry George Large" and concurrently filed a Suggestion of Death of Plaintiff Terry George Large. (*Id.*).

On February 5, 2026, Nationwide moved to sever the claims asserted by Plaintiff against Nationwide from Plaintiff's claims asserted against Blackmon Mooring. (*Id.* at 2). On March 10, 2026, the state court granted Nationwide's Partially Opposed[1] Motion to Sever such that Large's claims against Nationwide and Blackmon Mooring were separated into two distinct causes before the state court. (Not. Removal, Dkt. 1, at 2). Now, Plaintiff argues that Nationwide's removal is procedurally defective under the voluntary-involuntary rule. (Mot., Dkt. 6, at 4).

## II. LEGAL STANDARDS

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). When a properly joined defendant is a resident of the same state as the plaintiff, removal is improper. 28 U.S.C. § 1441(b)(2).

---

[1] Plaintiff opposed the motion; Blackmon Mooring was unopposed to the motion. (Nationwide's Motion for Severance, Dkt. 7-1, at 79, n.1).

A plaintiff may challenge removal by filing a motion to remand pursuant to 28 U.S.C. § 1447, which provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993). "Removal triggers significant federalism concerns because federal courts' exercise of diversity jurisdiction strips state courts of actions properly before them." *Flores v. Nat'l Van Lines, Inc., et al.*, No. EP-17-CV-00003-KC, 2017 WL 10765311, at *2 (W.D. Tex. May 12, 2017) (first citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); and then citing *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 339 (5th Cir. 2014)) (quotations removed). Therefore, the party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)*; see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court.").

Critical to the Court's analysis here, a defendant may sometimes remove a case in which diversity of citizenship arises *after* a plaintiff has filed a state-court complaint. *See* 28 U.S.C. § 1446(b). Section 1446(b) "explicitly contemplates removal of an action not originally removable within thirty days of receipt of a copy of an 'amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Flores*, 2017 WL 10765311 at *2 (citing 28 U.S.C. § 1446(b)(3)).

"The Fifth Circuit has long recognized that § 1446(b) functions in tandem with a common-law rule requiring a plaintiff to engage in a voluntary act after the filing of the state court petition to

subsequently render a case removable"—known as the "voluntary-involuntary rule." *Flores*, 2017 WL

10765311 at *3 (collecting cases). As the Fifth Circuit has described:

> [The rule] prevents removal of those cases in which the issue of the resident
> defendant's dismissal has not been finally determined in the state courts. This avoids
> the duplication and expense which would result if a resident defendant was dismissed
> on an appealable ground, the nonresident was permitted to remove, and the plaintiff
> then obtained a reversal of the dismissal in the state appellate courts. On the other
> hand, that danger does not arise where a plaintiff voluntarily drops a resident
> defendant since appeal then is not available, and the elimination of the resident
> defendant from the case is final.

*Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967). "The rule is further justified by a

policy favoring protection of a plaintiff's choice of forum." *Flores*, 2017 WL 10765311 at *3. There

are exceptions to this rule. For example, as is relevant here, "removal on the basis of an *unappealed*

severance, by a state court, of claims against improperly joined defendants is not subject to the

voluntary-involuntary rule." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006)

(emphasis added).

### III. DISCUSSION

As previewed above, this motion presents a complex set of issues concerning remand

surrounded by somewhat unsettled Fifth Circuit precedent. At its core, the dispute between the

Parties is whether the "voluntary-involuntary" rule applies when the plaintiff objected to a state

court's order granting severance of the sole non-diverse party in an action. (*See* Mot., Dkt. 6, at 4–6;

Resp., Dkt. 8, at 4–6).

First, the Court notes that because Nationwide is a corporation incorporated in Ohio, with

its principal place of business in Ohio, it is a citizen of Ohio and Plaintiff is a citizen of Texas. (Not.

Removal., Dkt. 1, at 4). *See* 28 U.S.C. § 1332(c)(1). Therefore, at the time of removal—after

Plaintiff's claims against Blackmon Mooring were severed—there was complete diversity of the

Parties. *See id.* § 1332(a).

4

Plaintiff argues that Nationwide failed to meet its burden of showing that Blackmon Mooring was improperly joined, thus making severance and therefore removal improper. (Mot., Dkt. 6, at 4–6). Nationwide responds that it has "neither sought to nor [is] required to establish improper joinder—at the time the state court action was first filed or otherwise—because Nationwide did not seek to remove a case with a nondiverse defendant." (Resp., Dkt. 8, at 5). The Court agrees with Nationwide that the standard a federal court would use to evaluate the question of improper joinder for a non-diverse defendant in the first instance differs from whether a defendant established improper joinder when moving for severance in state court. Here, Nationwide is not asking the Court to evaluate improper joinder; rather, the issue before the Court is whether the voluntary-involuntary rule applies in light of the state court's severance of the sole non-diverse party in this action, which Plaintiff has objected to.

Indeed, the Fifth Circuit has clarified that its decision in *Crockett*—"that removal on the basis of an *unappealed* severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule"[2]—should be read to conclude that "a defendant contemplating removal can (and should) ask the *state court* to resolve party misjoinder questions *and then remove*." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 815 (5th Cir. 2021) (emphasis in original). If a district court in the Fifth Circuit, on the other hand, were to evaluate whether a non-diverse defendant was improperly joined "such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction," *i.e.* in the first instance, it would look to the removing party to show either that "(1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

---

[2] 436 F.3d at 533 (emphasis added).

Under Rule 41 of the Texas Rules of Civil Procedure, "actions which have been improperly joined may be severed and . . . docketed as a separate suit between the same parties . . . by order of the court on motion of any party or on its own initiative . . . on such terms as are just." Tex. R. Civ. P. 41. Nationwide argued for severance in state court under Texas Rule of Civil Procedure Rule 41. (Nationwide's Motion for Severance, Dkt. 7-1, at 82). Under federal and Texas law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). *See Crockett*, 436 F.3d at 533 (finding that "Texas has adopted the same requirements for proper joinder" as the Federal Rules of Civil Procedure) (citing Tex. R. Civ. P. 40(a)).

Nationwide contends that "because the state court determined that Plaintiff's insurance claim causes of action against Nationwide should be severed from her lien dispute cause of action against Blackmon Mooring, the voluntary-involuntary rule does not apply." (Resp., Dkt. 8, at 8). Nationwide relies on the Fifth Circuit's rulings in *Crockett* and *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806 (5th Cir. 2021), to substantiate its argument that "misjoinder should be addressed at the state-court level and, if found, the 'voluntary-involuntary rule' is inapplicable because misjoinder was found." (*Id.* at 7–8). Plaintiff argues that she did "not commit any voluntary act to warrant removal [and] properly objected to severance" and that the trial court's severance order is "subject to appeal." (Mot., Dkt. 6, at 6).

The Court agrees with Plaintiff that *Crockett* and *Williams*—despite being instructive in this matter—do not directly resolve the specific question presented here: whether the voluntary-involuntary rule applies when a state court grants severance over a plaintiff's objection and the

plaintiff actively claims to have preserved appellate review. (*See* Reply, Dkt. 9, at 3). *Crockett* explicitly limited its exclusion from the voluntary-involuntary rule to cases of an *unappealed* severance. *Crockett*, 436 F.3d at 533. And, as to the specific issue of improper joinder—as opposed to the separate issue of fraudulent joinder—*Williams* endorsed the view that "misjoinder issues should be addressed in state court prior to removal [in order to bring] greater clarity to the line between removable and non-removable cases." *Williams*, 18 F.4th at 817.[3]

While Nationwide did move for severance based on improper joinder in state court, (*see* Nationwide's Motion for Severance, Dkt. 7-1, at 79–87),[4] the state court's order granting severance did not state its basis for the severance. (State Court Order Granting Severance, Dkt. 7-1, at 358–59). Plaintiff opposed Nationwide's motion to sever and "requested a Reporter's Record just minutes after the hearing . . . demonstrating her intent to file an appeal of the order." (Mot., Dkt. 6, at 6–7). The Court must construe any doubts about the propriety of removal in favor of remand, and, in so doing, concludes there was not a substantive finding of misjoinder here nor was the order "unappealed" to apply the holding of *Crockett* to this case. *See Crockett*, 436 F.3d at 533 (finding that "removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule"). Other district courts considering remand for a similar set of facts have also taken notice of whether the state court made a *specific* finding of misjoinder in granting severance. *Contrast Lynd Co. v. RSUI Indem. Co.*, No. SA-08-CV-

---

[3] Nationwide attempts to argue that, in *Williams*, the Fifth Circuit did not maintain the necessity of an appeal or opposition to a state-court severance when it cited and endorsed the holding in *Crockett* for the proposition that a "state court severance to address misjoinder can make a case removable notwithstanding the general rule that cases only become removable based on the voluntary acts of the plaintiff." (Resp., Dkt. 8, at 7–8). The Court does not read the Fifth Circuit's explanatory parenthetical for *Crockett* in *Williams* to intend any alteration to the holding of *Crockett*.

[4] Nationwide sought "severance of Plaintiff's insurance claim-based case against Nationwide from the insurance claim-based case against Nationwide from the misjoined lien dispute-based case against Blackmon Mooring." (Resp., Dkt. 8, at 5).

00546-XR, 2008 WL 11417404, at *4 (W.D. Tex. Oct. 23, 2008) (finding that defendants failed to demonstrate that the non-diverse defendant was improperly joined, where defendants had moved for severance in state court on two independent bases but there was no "express finding" from the state court in granting that motion), *with Crockett*, 436 F.3d at 533 (finding improper joinder where a state court had severed a plaintiff's claims against non-diverse defendants and explicitly held that the claims against those defendants and the burdens of proof to sustain them were "totally different" than those against the diverse defendants) (citation omitted). Accordingly, the Court concludes that without an express finding from the state court of improper joinder, Plaintiff's case remains subject to the voluntary-involuntary rule.

Outside of the *Crockett* and other, inapplicable exceptions to the voluntary-involuntary rule, district courts have "consistently held that when a state trial court disposes of a non-diverse defendant *against the plaintiff's wishes* . . . the case is not removable." *Flores*, 2017 WL 10765311 at *3 (emphasis added). The Fifth Circuit has not offered "plenary guidance" as to which actions taken by a plaintiff may render the severance of the sole non-diverse defendant voluntary or involuntary, but several district courts have considered the issue. *Id.* at *4. Given the varied outcomes in this area of the law, the Court will continue to construe all doubts about the propriety of removal in favor of remand. *See Manguno v. Prudential Prop. and Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The Parties dispute whether Plaintiff's purported appeal of the state-court severance order constitutes a legitimate voluntary act to invoke the voluntary-involuntary rule. In her Reply, Plaintiff argues that "[w]hile a severance order itself may not be *immediately appealable* as an interlocutory order, the propriety of the severance becomes reviewable when a final judgment is entered in the severed cause." (Reply, Dkt. 9, at 7) (emphasis added). Accordingly, Plaintiff suggests that Nationwide is asking the Court to "*permanently insulate* a discretionary state court ruling from any

8

appellate review whatsoever." (*Id.* (emphasis in original)). Nationwide argues that if the Court carves out an exception of the "approved procedure for addressing misjoinder prior to removal" under *Williams*, "for any instance where the plaintiff expresses the intent to appeal the otherwise unappealable state-court severance, such an exception would swallow the rule as any plaintiff could obtain remand and drag out the unfounded appeal past the one-year deadline for removal in 28 U.S.C. § 1441(c)(1)." (Resp., Dkt. 8, at 9). Plaintiff counters that because § 1441(c)(1) "contains a bad-faith exception permitting removal after one year where the plaintiff acted in bad faith to prevent removal," Nationwide's concern is "both speculative and already addressed by statute." (Reply, Dkt. 9, at 7–8).

Despite the Parties' focus on whether Plaintiff's purported actions concerning appeal control the analysis here, the Court finds it proper, also, to consider the fact that Plaintiff objected to the severance of her claims. In *Miller v. Fulton*, that court held that because the plaintiff opposed a severance motion in state court and "still has the right to appeal the state court's decision," the risk remained that "the voluntary-involuntary rule was intended to prevent—duplication of proceedings in state and federal court." 113 F. Supp. 2d 1035, 1040 (S.D. Miss. 2000). This Court agrees that the concern of duplicative proceedings in state and federal court is present here, especially given Plaintiff's insistence that her claims against Nationwide and Blackmon Mooring are so interwoven that they turn on the same facts and issues. (Resp., Dkt. 6, at 10).

Similarly, in *Albino v. Charts Ins. Co.*, that court found that because the action at issue—which was severed upon the defendants' request—"was not removable when it was commenced, nor ha[d] [d]efendant shown that [p]laintiff took any action to render it removable, the voluntary-involuntary rule applie[d]." No. 4:11-CV-02892, 2011 WL 4479090, at *3 (S.D. Tex. Sept. 26, 2011). Considering decisions from other district courts in the Fifth Circuit concerning this issue and the Fifth Circuit's

instruction to resolve any doubts as to the propriety of removal in favor of remand, the Court concludes that it should remand this case to state court.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Amended Motion to Remand, (Dkt. 6), is **GRANTED**. This case is **REMANDED** back to the 425th Judicial District of Williamson County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on June 15, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE